Carl **DEFREEZE**, Plaintiff–Appellant,

v.

**Mussaret Aziz ZUBERI, et al.,**
**Defendants–Appellees.**

No. 01–4029.

United States Court of Appeals,
Sixth Circuit.

May 3, 2002.

Before SILER and CLAY, Circuit

Judges; OBERDORFER, District Judge.[*]

This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and injunctive relief, Carl DeFreeze sued a doctor at Ohio's Grafton Correctional Institution (Mussaret Aziz Zuberi), the prison's health care administrator (Kathy Roberts), and the prison's inspector of institution services (Darlene Krandall) in their individual and official capacities. DeFreeze claimed that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Defendants Dr. Zuberi and Krandall moved for judgment on the pleadings. Defendant Roberts moved to dismiss. The magistrate judge recommended that the motion for judgment on the pleadings be granted as to Krandall and denied as to Zuberi. The magistrate judge also recommended that Roberts's motion to dismiss be granted. The district court adopted the report and recommendation. Thereafter, Dr. Zuberi moved the court for summary judgment. The magistrate judge recommended that the motion be granted, and the district court granted summary judgment in favor of Dr. Zuberi. DeFreeze appeals that judgment. He does not appeal the judgment dismissing Krandall and Roberts.

In his timely appeal, DeFreeze reasserts the claim against Dr. Zuberi that he set forth in the district court.

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe*, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Defendant Dr. Zuberi met his initial burden of showing an absence of evidence to support DeFreeze's case. It is incumbent upon a prisoner seeking to establish a violation of his Eighth Amendment rights resulting from his medical care to show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Brooks v. Cel-*

---

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

*este,* 39 F.3d 125, 127 (6th Cir.1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief, *Estelle,* 429 U.S. at 105–06, 97 S.Ct. 285, and a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107, 97 S.Ct. 285. Dr. Zuberi averred that he provided DeFreeze with medical care, he reviewed DeFreeze's medical history, he determined that DeFreeze did not suffer from a seizure disorder but that he suffered from an incurable condition known as "tics," and he prescribed medication in an effort to alleviate the symptoms of the condition.

In light of the foregoing, DeFreeze was required yet failed to present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505. DeFreeze merely contends that in 1998 Dr. Zuberi did not adequately diagnose his condition and that Dr. Zuberi should have allowed him to consult with a neurologist. The record reveals that DeFreeze had a "head jerking problem" for years before seeing Dr. Zuberi for treatment. As a result of the "head jerking" condition, a neurology consultation was requested for DeFreeze in 1989. An electroencephalogram (EEG) and a magnetic resonance imaging (MRI) test were performed, and the results of both tests were "essentially unremarkable." In 1989, a brain stem auditory evoked response (BAER) test and a second EEG were performed. The test results were normal. In 1994, DeFreeze received a second neurology consultation. The consulting physician concluded that DeFreeze did not suffer from a seizure disorder, but suffered from a tic manifestation.

Since DeFreeze's earlier EEGs were normal and the possibility of a seizure disorder had been ruled out, Dr. Zuberi made a perfectly justified medical decision in 1998 that an EEG was not necessary. DeFreeze's claim constitutes a mere difference of opinion between himself and Dr. Zuberi, and no Eighth Amendment claim is stated if the case involves a difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment. *Estelle,* 429 U.S. at 107, 97 S.Ct. 285; *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum of opinion and order of September 5, 2001.